EBY & SMITH, Appellants, v. CITY OF LATHROP, Respondent.

Kansas City Court of Appeals, January 27, 1908.

TELEPHONES: Franchise: Rights Under: Injunction. A city granted a franchise to A to use its streets and alleys to maintain a telephone system and A proceeded to erect his system. Subsequently the city granted a similar franchise to B and B commenced the erection of a system and bought A's plant and franchise. Later B sold the property without mentioning the franchises to C, who went into possession and was operating the plant. Later B, claiming under his two franchises, undertook to erect another telephone plant, using the streets and alleys and was stopped by the city. Held, he was not entitled to an injunction to restrain the city from its interference, since in erecting and operating the former plants he had exhausted his rights under the franchises theretofore granted by the city and the same were *functus officio* so far as erecting and operating another and new plant was concerned.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*John A. Cross* for appellant.

(1) This being a suit in equity, the court will not declare a forfeiture of the franchises granted by respondent, for it is a well-settled and familiar doctrine that a court of equity never declares a forfeiture; when it interferes at all in a case of forfeiture, it is only to relieve against it, never to aid it. Messersmith v. Messersmith, 22 Mo. 369; Towne v. Powers, 81 Mo. 491; Eads v. Orcott, 79 Mo. App. 511; Herman v. Wade, 140 Mo. 340; Seasey v. Cleveland, 141 Mo. 488; Moberly v. Trenton, 181 Mo. 637. (2) The assignments endorsed on certified copies of special ordinances, numbered 95 and 56, by Campbell and Rehard, transferred to appellant's valid franchises, to use the streets of said city as conferred by said ordinances. Lawrence v. Hennessy, 165 Mo. 659.

*W. S. Herndon* and *Hughes & Whitsett* for respondent.

(1)   Equity will not aid the plaintiffs and Campbell & Rehard to perpetrate a fraud upon Newt. M. Rogers and his brother.   (2)   The telephone company having obtained the right to enter and occupy the streets of the city of Lathrop upon certain conditions mentioned in the ordinance granting the right, forfeited the license thus obtained, when it violated the conditions upon which it was granted, and the city had the right to stop it from erecting poles in the street.   Hangst's Appeal, 55 Pa. 128.   (3)   The telephone company had already erected its poles, and occupied the streets with its poles and wires, under the license to enter, and then sold its entire plant and equipment and good-will of its business, including its poles and wires, to Rogers; it had, therefore, no right under its license or franchise to occupy other streets and build another plant with new poles and wires, etc.   If it could not do so it could not assign the right to Eby & Smith to do so.

BROADDUS, P. J.—This is a suit to restrain the defendant, a city of the fourth class, from interfering with the plaintiffs in the use of the city's streets and alleys for the erection, maintenance and operation of a telephone system.   The undisputed facts are as follows, viz:   In January, 1900, the defendant by ordinance No. 95, granted to W. W. Bain under the name of the Lathrop, Missouri, Telephone Company a franchise for twenty years, to erect, maintain and operate a telephone system in said city.   That company erected its telephone system and operated it until January 1, 1901, at which time it sold out its entire property and franchise to J. T. Ballinger.   In March, 1901, the city, by ordinance No. 56, granted to J. T. Campbell and A. T. Rehard under the name of The Clover Leaf Telephone Company of Lathrop, Missouri, a similar franchise

for the period of twenty years.    On the 1st day of April, 1901, the Lathrop Telephone Company or said Ballinger sold and assigned its franchise and property to said Campbell and Rehard who operated the system under said franchise until the 31st day of July, 1903, at which time it sold out everything connected with the business, except, there was no actual transfer of the franchise to N. M. Rogers and the Clinton County Mutual Telephone Company.    The latter took possession of the property and operated it for a short time.    For reasons not necessary to be stated, the latter company's connection with the business was severed and Rogers became the sole owner and claimed the right to conduct the business under the name of The Clover Leaf Telephone Company.

On the 3rd of March, 1905, said Campbell and Rehard sold and transferred all their right and title in and to the franchises No. 95 and 56 to the plaintiffs Eby and Smith, who in September, 1905, were proceeding to construct a telephone system in the defendant city, when they were interfered with by its officers and agents and prevented from doing so.    It will be seen by the foregoing statement that the franchise granted by ordinance 95, was transferred first to Ballinger and then to plaintiffs' assignor, and that they were the owners of the franchise granted to them under ordinance Number 56, which they also assigned to plaintiffs.    The court sustained defendant's motion to dissolve the temporary injunction theretofore issued in the proceedings; and gave judgment against plaintiffs for cost from all of which they appealed.

The plaintiffs' theory of the case is that a court will never lend its aid to enforce a forfeiture and they cite many authorities to sustain their statement of the law. But they have mistaken the theory applicable to the case.    No forfeiture of their franchise is involved in the issues.    We do not know what theory the court adopted,

but we are satisfied that the conclusion reached was the proper one.

The plaintiffs' claim of right is based upon the two franchises mentioned. Under the one granted by ordinance 95, a telephone system was erected, maintained and operated. The grant was to erect, maintain, and operate *a telephone system,* not one or more of such systems. The function of the grant was fulfilled when under its provisions a telephone system had been erected, maintained and operated.

And when the plaintiffs' assignor, The Clover Leaf Telephone Company, became the owner of the system in operation and operated it under franchise numbered 56 and then sold the entire property of the system to Rogers and The Clinton County Telephone Exchange, they sold all the rights they had to operate a telephone system in the city notwithstanding they did not in so many words dispose of the franchise. Having been granted the right to erect, maintain and operate a telephone system they did what was perfectly legitimate and bought one already in existence and in operation. When they did so the purpose of that franchise was also accomplished, for it could not be surely contended that while owning and operating the existing system, they could legally erect and operate another. When they elected to purchase the system that was in operation they had what their franchise called for and were entitled to nothing more. The franchises under which plaintiffs claim the right to erect a telephone exchange are without power or life, *functus officio,* in so far as their right to erect and operate another and new system of the kind is concerned. Affirmed. All concur.